CHRISTEN, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that sovereign immunity bars Mrs. McNabb’s claim against the VA, and that the claim against Prudential fails because the Army’s alleged failure to provide notice does not affect the validity of the beneficiary designation. But on the majority’s holding that the Army has no claim to sovereign immunity, I respectfully dissent.
As the majority acknowledges, it is well established that “[t]he federal government may waive its sovereign immunity, but any waiver ‘must be unequivocally expressed in statutory text ... and will not be implied.’ ” Ordonez v. United States, 680 F.3d 1135, 1138 (9th Cir.2012) (quoting Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996)). “To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.” Lane v. Pena, 518 U.S. at 192, 116 S.Ct. 2092. “Any ambiguities in the statutory language are to be construed in favor of immunity, so that the Government’s consent to be sued is never enlarged beyond what a fair reading of the text requires. Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government.” F.A.A. v. Cooper, — U.S.-, 132 S.Ct. 1441, 1448, 182 L.Ed.2d 497 (2012) (citations omitted).
38 U.S.C. § 1975 merely grants jurisdiction over “any civil action or claim against the United States founded upon th[e SGLI] subchapter.” 38 U.S.C. § 1967(f)(3) provides that the Army had a duty to notify Mrs. McNabb of the beneficiary change, but offers no remedy at all — much less monetary damages — for breach of that duty. Neither § 1975 nor § 1967 contains an unambiguous waiver of sovereign immunity to monetary claims. See Lane, 518 U.S. at 192, 116 S.Ct. 2092. Rather than interpreting statutory silence in favor of waiver, I would heed the Supreme Court’s guidance that ambiguity — and thus, immunity — exists if “there is a plausible interpretation of the statute that would not authorize money damages against the Government.” See Cooper, 132 S.Ct. at 1448 (citing United States v. Nordic Vill., Inc., 503 U.S. 30, 34, 37, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)). Because, in my view, there is no waiver of sovereign immunity for Mrs. McNabb’s damages claim against the Army, I would vacate the district court’s decision on that claim and remand with instructions to dismiss for lack of subject matter jurisdiction.